# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7473 | **DATE** | 10/17/2012 |
| **CASE TITLE** | Antione Nathen Shaw (B-00355) vs. Chicago Police Department | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* ("IFP") [3] is denied without prejudice to Plaintiff submitting a completed application. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed IFP application OR pre-pay the $350 filing fee, AND (2) submit an amended complaint. The Clerk shall send Plaintiff an IFP application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days will result in summary dismissal of the case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Antoine Nathen Shaw, an inmate at Big Muddy River Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 naming the Chicago Police Department as Defendant. Plaintiff alleges that he was falsely arrested for theft of a piece of luggage containing a valuable stamp collection. He states that he was incarcerated at the Cook County Jail for 10 months from December 2009 to October 2010, at which time Plaintiff was found not guilty by a jury. Plaintiff's current incarceration appears to be for a later theft.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His IFP application, however, is incomplete, as it contains a blank certificate and no statement of his prison trust fund account. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee with monthly deductions from his trust fund account. If the Court grants an IFP application, the Court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's account and make further monthly deductions from that account until the full filing fee is paid. To enable the Court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, include a certificate from an authorized officer attesting to the amount of funds in Plaintiff's account and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint * * *, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's application contains a blank certificate and no trust fund account statement. To proceed with this case, Plaintiff must submit a completed IFP application or, alternatively, prepay the $350 filing fee. His failure to satisfy the filing fee requirement within 30 days of this order will result in the summary dismissal of this case. Local Rule 3.3(e) (N.D. Ill.).

As to the complaint, Plaintiff's allegations do not state a valid claim for relief in this court for several reasons. First, Plaintiff formally names as the only Defendant the Chicago Police Department, which is not separate from

| STATEMENT |
|---|

the City and is not a suable entity that can be named as Defendant. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). The proper Defendant would be the officer(s) who arrested Plaintiff. It appears from the body of Plaintiff's complaint that he desires to name his arresting officers as Defendants but does not know their names. If Plaintiff indeed does not know the names of the arresting officers, he may refer to them as John or Jane Doe and name – in both the caption and the body of his complaint – a supervisory official, such as the Chicago Police Superintendent Garry McCarthy, who may be able to identify the officers.

Second, Plaintiff does not allege that he was arrested without probable cause. To state a claim of false arrest, a plaintiff must allege facts indicating that he was "arrested without probable cause." *Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011). Although Plaintiff states that he was arrested for an offense that he did not commit, he also states that he remained incarcerated until his trial, presumably after a court conducted a probable cause hearing. If Plaintiff's claim is that he was falsely arrested, he must give some information about the circumstances of the arrest suggesting that he was arrested without probable cause. Merely asserting that he did not commit the offense and/or that a jury found him not guilty does not speak to the issue whether the arresting officers had probable cause to arrest him. *Parish v. City of Elkhart*, 614 F.3d 677, 681-82 (7th Cir. 2010) (discussing the difference between false arrest, false imprisonment, and malicious prosecution claims).

Third, Plaintiff's allegations indicate that his false arrest claim is untimely. Plaintiff states that he was arrested in December 2009, more than two years prior to his filing of this suit in September 2012. The limitations period for a claim of false arrest in Illinois is two years, which begins to run from the date of the arrest, not the date of an acquittal. *See* 735 ILCS 5/13-202; *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009) (legal proceedings after the arrest "are irrelevant to accrual of a false arrest claim because the plaintiff can plead all the elements on the day of the arrest regardless of later proceedings"). As currently stated, Plaintiff's allegations are that he was falsely arrested. If this is the claim Plaintiff seeks to assert, in addition to providing information about the arrest, he must also state why this case should not be dismissed for his failure to file this suit within two years of the arrest. *See Brooks*, 564 F.3d at 832.

If, instead, Plaintiff seeks to allege that "criminal proceedings were instituted against him based on false evidence or testimony, such a claim is, in essence, one for malicious prosecution," which does not accrue until after criminal proceedings concluded in his favor. *Brooks*, 564 F.3d at 833 (internal quotation marks and citation omitted). If Plaintiff seeks to proceed with a claim of malicious prosecution, he must provide reasons why his complaint should not be dismissed as time-barred. Such a claim, however, is not a federal one and, by itself, cannot sustain a § 1983 action. *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011); *Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir. 2001) (because Illinois law already provides a remedy for malicious prosecution, state law affords falsely accused suspects all the process they are due under the Fourteenth Amendment, and such a claim is thus based upon state, not federal, law).

Accordingly, the complaint is dismissed. To proceed with this case, Plaintiff must, within 30 days of the date of this order, submit an amended complaint that names a suable party as a Defendant in both the caption and body, that asserts facts that would establish a false arrest claim, that demonstrates that the claim is timely, and also that clarifies the claims Plaintiff seeks to bring here (false arrest, false imprisonment, and/or malicious prosecution). Plaintiff is advised that an amended complaint replaces a prior complaint and must stand complete on its own. The court will look only to the amended complaint to determine the claims and parties to this case.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff has not demonstrated that he unsuccessfully attempted to retain counsel or was prevented from doing so. Also, this case, at this early stage, involves neither complex issues of discovery nor an evidentiary hearing, and Plaintiff's complaint, though not

| STATEMENT |
|---|
| providing sufficient information to state a valid claim, indicates that he is competent to represent himself at this time. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).<br><br>In order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application OR pre-pay the $350 filing fee, AND (2) submit an amended complaint in accordance with this order. His failure to comply with both directives will result in summary dismissal of this case. |