# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7473 | **DATE** | 12/11/2012 |
| **CASE TITLE** | Antione Nathen Shaw (B-00355) vs. Chicago Police Department | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* ("IFP") [6] is granted. The court assesses $6.20 as an initial payment of the filing fee and authorizes the trust fund officer at Plaintiff's place of confinement to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at the Big Muddy River Correctional Center. Plaintiff's false arrest and false imprisonment claims are dismissed as untimely. His claim of malicious prosecution is dismissed for lack of jurisdiction. The amended complaint is dismissed. The dismissal is without prejudice to Plaintiff proceeding with his state law malicious prosecution claim in state court. The case before this court is closed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Antoine Nathan Shaw, an inmate at Big Muddy River Correctional Center, has submitted an amended complaint and a completed *in forma pauperis* ("IFP") application in accordance with this court's October 17, 2012, order. Although Plaintiff qualifies as a pauper, the allegations in his amended complaint demonstrate that his claims of false arrest and false imprisonment are untimely, leaving only his claim of malicious prosecution, over which this court declines to exercise supplemental jurisdiction.

Even though Plaintiff cannot proceed with his case in this court (discussed below), he must still pay the filing fee. See 28 U.S.C. § 1915(b). Plaintiff's IFP application indicates that he cannot pay the $350 filing fee. The court grants his motion to proceed IFP and assesses an initial partial filing fee of $6.20. The trust fund officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After the initial partial filing fee, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Ill. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Big Muddy River officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

As to the complaint, Plaintiff's allegations do not state a federal claim for relief that is timely. According to Plaintiff, in December of 2009, a pawn shop owner (John Doe #3) told police officers that Plaintiff had sold a stolen stamp collection to the pawn shop. The officers (John Does #1 and #2) allegedly gave false information (that Plaintiff had stolen from an airport a piece of luggage with the stamps) either when obtaining an arrest warrant or at a probable cause hearing after the arrest. A state prosecutor (John Doe #4) allegedly proceeded with the case despite a lack of evidence. Plaintiff was found not guilty because, as he states, "there was no proof that [he] was at the airport" and "there was nothing in the record to support the testimony" of the officers. See Amended Compl. at 5. Plaintiff was incarcerated for 10 months awaiting trial before he was acquitted. Plaintiff names the officers,

| STATEMENT |
|---|

pawn shop owner, and prosecutor as Defendants (referring to them as John Doe #1-4), as well as Chicago Police Superintendent Garry McCarthy to identify them. Plaintiff seeks to assert false arrest, false imprisonment, and malicious prosecution.

Plaintiff's claims of false arrest and false imprisonment are untimely. Although time-bar is an affirmative defense that is not usually addressed at the pleading stage, "if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense,'" a court may address the issue. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

Section 1983 does not itself have a statute of limitations period, and federal courts look to the limitations period and tolling provisions of the state in which the claim arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kelly v. City of Chi.*, 4 F.3d 509, 510 (7th Cir. 1993). The limitations period for false arrest and false imprisonment claims in Illinois is two years. See 735 ILCS 5/13-202; see also *Brooks v. City of Chi.*, 564 F.3d 830, 832 (7th Cir. 2009).

False arrest claims involve an arrest without probable cause and accrue at the time of the arrest. False imprisonment claims involve the illegal detention of a person without legal process and accrue at the time the person becomes held by legal process, which usually is at the time a person is arraigned or held by a similar legal process. *Wallace*, 549 U.S. at 388-89; see also *Wiley v. City of Chi.*, 361 F.3d 994, 998 (7th Cir. 2004). Once a person is held over following an arraignment or similar proceeding, his claim becomes one of malicious prosecution. *Wallace*, 549 U.S. at 389-90. A claim of malicious prosecution accrues on the date he has received a "favorable termination" of the proceedings against him. See *Parish v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010), citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Malicious prosecution, however, is not a federal cause of action (discussed below).

Plaintiff states that he was arrested in December of 2009. His false arrest and false imprisonment claims accrued at the time of his arrest and at the time he was held pursuant to legal process, i.e. his probable cause hearing or arraignment. *Wallace*, 549 U.S. at 388-89; *Wiley*, 361 F.3d at 998. Plaintiff filed the instant case in September 2012, almost two years and nine months following his arrest. It is thus clear from his complaint that his false arrest and false imprisonment claims are untimely, and these claims are thus dismissed as time-barred.

As to Plaintiff's malicious prosecution claim, i.e. "that criminal proceedings were instituted against him based on false evidence or testimony," *see Brooks*, 564 F.3d at 833, such a claim is not a federal one, but rather is governed by state law. *Parish v. City of Chi.*, 594 F.3d 551, 552-53 (7th Cir. 2009); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) (when a state provides a cause of action to address a malicious prosecution claim, which Illinois does, the existence of the state-law claim "knocks out any constitutional theory of malicious prosecution.") Given that the false arrest and false imprisonment claims are dismissed, this case presents only a state law claim, over which this court declines to exercise jurisdiction. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir.1994) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.").

For the reasons stated above, Plaintiff's false arrest and false imprisonment claims are dismissed as time-barred and his malicious prosecution claim is dismissed for want of jurisdiction. The dismissal of this case is without prejudice to him seeking relief in state court; however, his case before this court is closed.